UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

---

| | |
|---|---|
| MARLON IRON CROW, | 5:21-cv-5065 |
| Petitioner | |
| vs. | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent | |

---

Pending before the Court is Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. (Doc. 1). Petitioner asserted in his motion that he would supply the grounds in later documents and submitted nine supplementary documents. (Doc. 4, 5, 6, 11, 12, 13, 15). Most list grounds for relief with numerous subparts. Petitioner has filed sixteen motions in connection with his case. (Doc. 7, 8, 9, 10, 14, 16, 17, 18, 26, 25, 28, 33, 36, 37, 38, 42). The Government has moved to dismiss (Doc. 40, 41), responding to Petitioner's allegations and raising issues of its own. Petitioner responded (Doc. 34, 35, 38, 42).

I. Background

Petitioner was convicted by a jury of second-degree murder of Craig Charging Crow, 18 U.S.C. §§ 1111(a) and 1153. He was sentenced to 240 months.

The incident resulting in the death of Charging Crow occurred at the Petitioner's half-sister's home and was witnessed by his half-sister (Nicole Morsette), her partner (Lee Tonorio), and their 12-year-old son. The half-sister and son testified at trial that the parties were drinking, and a fight occurred between Charging Crow and Iron Crow. Their testimony was that Iron Crow hit and kicked the victim, who died from his injuries. At trial, the pathologist testified death was the result of a subarachnoid hemorrhage from a lacerated basilar artery. (5:16-cr-50148, Doc. 127, PgID 424). See *United States v. Iron Crow*, 970 F.3d 1003,1006 (8th Cir. 2020). A defense medical witness offered testimony that another possible cause of death was the victim's suffocating on his vomit. (*Id.*).

Defendant was represented by counsel. She made numerous pretrial motions, including one related to jury selection under *Batson v. Kentucky*, 476 U.S. 79 (1986), and one seeking to admit Iron Crow's statement to the FBI investigator. See *United States v. Iron Crow*, 2017 WL 2804914 (D.S.D. 2017) (admitting defendant's statement to law enforcement under F.R.E. 807 over Government's objection). At trial, among other strategic choices, she challenged the Government's questioning of its witness, Morsette, as vouching and bolstering, and

2

also alleged the prosecutor had threatened or intimidated the witness. (Doc. 32, PgID 200). She introduced Petitioner's statement to police, which was helpful to him in that it raised his claim of self-defense. (Id., PgID 199). She did not call Morsette's boyfriend, Tonorio, as a witness, anticipating he would place the blame on Petitioner, but did argue the evidence pointed to him as the perpetrator. (Id., PgID 201). She challenged the evidence of cause of death. (Id., PgID 201-02, citing trial transcript). She requested and received lesser-included offense instructions. She moved unsuccessfully for a judgment of acquittal and new trial after conviction. *United States v. Iron Crow*, 2018 WL 3862762 (D.S.D. 2018). After Petitioner's conviction, she filed an appeal, which she briefed and argued before the Eighth Circuit.

The Eighth Circuit affirmed Petitioner's conviction. *United States v. Iron Crow*, 970 F.3d 1003 (8th Cir. 2020), rehearing denied, October 1, 2020, cert. den. 141 S.Ct. 1422 (2021). Counsel raised four issues in Petitioner's appeal to the Eighth Circuit: 1-- a challenge based on *Batson v. Kentucky*, 476 U.S. 79 (1986); 2-- challenges alleging prosecutorial misconduct based on alleged improper vouching and leading a witness, intimidating a witness pretrial, using perjured testimony at trial, and comments during voir dire; 3-- a challenge to the sufficiency of the evidence; and 4-- a challenge to the 240-month sentence. *Iron Crow*, 970 F.3d at 1006. On all issues the Eighth Circuit denied relief. The Eighth Circuit

3

also denied Counsel's request for rehearing on the issue of whether Defendant's reckless conduct could constitute malice aforethought to support a murder conviction. (5:16-cr-50148, Doc. 222; 5:21-cv-5065, Doc. 32, PgID 203).

## II. Discussion

1. Legal Standards

    a. 28 U.S.C. § 2255

In accordance with 28 U.S.C. § 2255, "[a] prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Id. § 2255(a). See *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019) (§ 2255 may provide relief for jurisdictional error, constitutional error, or error of law. If an error of law constitutes a "fundamental defect which inherently results in a complete miscarriage of justice," the court may grant relief. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011).

    b. F. R. C. P. 12(b)(6) motion

The Government has moved to dismiss Iron Crow's motion under F.R.C.P. 12(b)(6). (Doc. 11). The standard governing dismissal of a motion to dismiss was set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) as follows: "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  See *Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th Cir. 2022) (dismissal proper where factual allegations failed to state a plausible claim for relief and amounted to only a possibility that relief was warranted); *Faulk v. City of St. Louis*, 30 F.4th 739, 744 (8th Cir. 2022) (quoting *Iqbal* standard and reversing denial of motion to dismiss).

c. Ineffective assistance of counsel

Ineffective assistance of counsel serves as part of the basis for Petitioner's § 2255 motion, thus invoking the two-part standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984).  First, petitioner must establish that counsel's performance was "deficient," meaning it "fell below an objective standard of reasonableness."  *Id.* at 687-88.  A mere assertion of ineffectiveness is insufficient. Rather the movant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* See also *Collins v. United States*, 28 F.4th 903, 906 (8th Cir. 2022).  The court presumes counsel's representation was reasonable.  *Thomas v. United States,* 737 F.3d 1202, 1207 (8th Cir. 2013).   This means the court "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" to which a criminal defendant is entitled.  *Meza-*

*Lopez v. United States*, 929 F.3d 1041, 1044 (8th Cir. 2019) (quoting *Strickland,* 466 U.S. at 689). Counsel's performance is evaluated on the facts of the case, "viewed at the time of counsel's conduct." *Strickland,* 466 U.S. at 690. See also *Adejuma v. United States*, 908 F.3d 357, 361 (8th Cir. 2018) (risk to defendant from his perjury apparent only in hindsight); *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002) (cautioning against "second guessing").

A petitioner has a second burden to address when alleging ineffective assistance of counsel. As *Strickland* held, the individual "must show that the deficient performance prejudiced the defense." 466 U.S. at 687. In practice, this means the individual must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Allen v. United States*, 854 F.3d 428, 432 (8th Cir. 2017) (quoting *Strickland,* 466 U.S. at 694). See also *Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010).

Strategic decisions by counsel are "virtually unchallengeable" unless they resulted from inadequate investigation. *Strickland,* 466 U.S. at 690. See also *Meza-Lopez v. United States*, 929 F.3d 1041, 1044-45 (8th Cir. 2019); *Chavez-Cruz v. United States*, 2018 WL 2383156, *2 (D. S.D. 2018); *Pippenger v. United States*, 2012 WL 3206244, *1 (D. S.D. 2012).

The *Strickland* standard applies not only to trial, but to the first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985); *Pippenger*, 2012 WL 3206244, *1.

2. Petitioner's claims

In this Court, Petitioner challenges virtually every aspect of trial and appeal. Many of his grounds for relief and their subparts repeat issues he raises in other filings, which the Court makes note of in its discussion.

*Ground 1* (Doc. 11)—Petitioner does not state this ground with specificity but makes a series of statements. He states the victim was angry about a cell phone and grabbed Iron Crow, who then acted in self-defense when he hit the victim on the head. (Id., PgID 124). Petitioner supplies a statement of facts listing issues addressed elsewhere in his filings. (Id., PgID 125). He raises admissibility of an interview he gave to investigators and cites FRE 807.

Defense counsel addressed Ground 1 in her statement. (Doc. 32). Counsel confirmed that she raised a claim of self-defense and that Iron Crow's interview with the FBI supported this theory of defense. (Id., PgID 199). She argued for admission of Iron Crow's statement and the court ruled in the defendant's favor. (Id.). See *Iron Crow*, 2017 WL 2804914, *1. Defense Counsel's performance was effective in this respect.

7

Petitioner's additional statements in Doc. 11 are raised in other Grounds in the petition and the Court discusses them below. The exception is Petitioner's claim that a statute of limitations on DUI prevents it from being used as part of his criminal history in sentencing. That issue is irrelevant, as Petitioner had a criminal history category I, the lowest possible level, regardless of the DUI.

Petitioner's motion for relief under § 2255 on Ground 1 is denied as there has been no showing of ineffective assistance of counsel.

*Ground 2*—Petitioner alleges the evidence was insufficient to convict. (Doc. 4, PgID 12). He supports his claim with the following assertions: the court was prejudiced; the jury was biased and incompetent; witnesses gave false testimony; he wanted an alibi defense presented; there was insufficient evidence to establish that his boots were the murder weapon; the court vouched for the prosecutor.

Iron Crow's counsel appealed his conviction, and among the grounds raised was insufficiency of the evidence. *Iron Crow*, 970 F.3d at 1009. The court addressed the question whether a rational jury could have found guilt beyond a reasonable doubt and concluded it could have. *Id.* The court reviewed the facts of the fight leading to Charging Crow's death, including the testimony that Petitioner stomped him while he was on the ground; addressed Petitioner's mens rea; and addressed the issue of timing of the victim's death. *Id.* The court also affirmed the denial of a motion for judgment of acquittal and for a new trial, determining that

8

inconsistencies in an eyewitness' testimony were not sufficient to overturn the verdict and reasoning the jury heard the evidence in this regard and weighed it in reaching the guilty verdict. *Id.* at 1010.

Because Petitioner raised his claim of insufficiency of the evidence in his unsuccessful appeal to the Eighth Circuit, he cannot re-litigate the issue in this proceeding. As the Eighth Circuit has ruled, "Claims that were 'raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.'" *United States v. Lee*, 715 F.3d 215, 224 (8th Cir. 2013) (quoting *Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012)). Further, to the extent Petitioner argues he should obtain relief based on a specific aspect of insufficiency that was not raised, he has procedurally defaulted the claim. *United States v. Darden*, 915 F.3d 579, 586 (8th Cir. 2019) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). See also *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). The Court notes that failure to raise additional aspects of an insufficiency argument were not deficient performance by counsel, who raised the issues that would have been most likely to yield relief for Iron Crow on appeal. *Strickland,* 466 U.S. at 690 (discussing counsel's prerogative to select strategy); *Evitts*, 469 U.S. at 394 (stating "the attorney need not advance every argument, regardless of merit, urged by the appellant").

At trial, Petitioner raised a defense of self-defense. Counsel determined an alibi defense would have been inconsistent and was not ineffective in not asserting alibi. (Doc. 32, PgID 199). Petitioner's whereabouts at a time one or two days prior to the killing was not relevant to his defense of self-defense. In a Reply document, Petitioner states he desired to use evidence of his whereabouts on those days to impeach the Government's witnesses. (Doc. 34, PgID 219). This would have been cumulative given the extensive impeachment and discussion of inconsistencies in their testimony. (Doc. 32, PgID 200). Counsel's strategic decisions in this context did not amount to ineffective assistance of counsel. *Collins,* 28 F.4th at 906 (citing *Strickland* standard).

The Eighth Circuit discussed Government misconduct, which Petitioner alleges in Ground 2 and the Court discusses in Ground 3, below.

Petitioner's motion for relief under § 2255 on Ground 2 is denied.

*Ground 3*—Petitioner alleges Government misconduct, (Doc. 4, PgID 15), specifying numerous concerns: the jury was biased and incompetent; the trial judge should not handle the § 2255 motion; the prosecutor vouched for Witness Morsette; Morsette and another witness committed perjury which the prosecutor was aware of; the court vouched for the prosecutor by giving a curative instruction; the prosecutor pressured or threatened a witness; defense counsel's performance was deficient; the prosecutor bolstered a witness; an audio/video would show the

jury was all-white; the investigation was deficient in not focusing on Morsette's cleaning the house where the killing occurred; the victim's prior injury was not adequately discussed; the court was prejudiced; the jury was biased.

In his appeal to the Eighth Circuit, Petitioner alleged Government misconduct, specifying that the prosecutor intimidated Morsette, Petitioner's half-sister; the prosecutor elicited false testimony from Morsette and her son; the prosecutor mis-stated the law in voir dire; and the prosecutor improperly led and vouched for Morsette. 970 F.3d at 1007-08. The Eighth Circuit denied relief on all of these claims after thorough analysis. 970 F.3d at 1007-09. Petitioner repeats these claims but cannot re-litigate them in this § 2255 motion. *Lee,* 715 F. 3d at 224.

Petitioner makes vague claims about the court and jury in his case, alleging bias. This Court discerns no bias on the part of the trial judge and notes the § 2255 motion is not being heard by that Judge. Allegations of jury bias and incompetence, plus Petitioner's desire for a video to show the race of the jurors, are mentioned in vague and conclusory statements, which yield Petitioner no relief. *Hollis v. United States,* 796 F.2d 1043, 1046 (8th Cir. 1986) (citing *Richardson v. United States*, 577 F.2d 477, 452 (8th Cir. 1978)). The Eighth Circuit addressed the curative instruction the trial court gave with respect to certain comments by the prosecutor. See *United States v. Emmert*, 9 F.3d 699, 701-02 (8th Cir. 1993)

(discussing efficacy of curative instructions). The court viewed the instruction as corrective action by the trial judge which eliminated any prejudice to Petitioner that would have made his trial fundamentally unfair. *Iron Crow*, 970 F.3d at 1009.

Petitioner challenges counsel's performance as deficient in failing to introduce an exhibit and in not interviewing alibi witnesses. (Doc. 15, PgID 22). As discussed in Ground 2, above, counsel's pursuing a defense of self-defense made an alibi defense inconsistent. Further, with respect to establishing Petitioner's whereabouts many hours earlier than the killing, she viewed it as irrelevant. (Doc. 32, PgID 199). Seeking or not seeking evidence for additional possible impeachment of one of the witnesses was a strategic decision by counsel, and not ineffective given the amount of impeaching evidence presented. *Collins*, 28 F.4th at 906.

Counsel viewed a photo of Petitioner's hands as of little probative value, particularly with the emphasis on Petitioner's having caused the death by kicking or stomping the victim. (Id., PgID 202). Petitioner had admitted being in a fistfight with Charging Crow, so the condition of his hands would not have been in issue. See *Iron Crow*, 2018 WL 3862762, *4 (district court's discussion of the trial evidence in denying motion for new trial). Counsel's choice of strategy was not deficient performance. *Collins,* 28 F.4th at 906.

12

Petitioner makes vague claims about the investigation, alleging inattention to Morsette's cleaning the house and to a prior injury by the victim. To the extent these claims are vague, relief is not available to Petitioner. *Hollis*, 796 F.2d at 1046 (holding "vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255"). To the extent the Eighth Circuit has rejected Petitioner's claim of insufficiency of the evidence to convict, 970 F.3d at 1003-08, he cannot re-litigate the issue. *Lee,* 715 F.3d at 224.

Petitioner's motion for relief under § 2255 on Ground 3 is denied.

*Ground 4*—Petitioner alleges the Government used false testimony (Doc. 4 PgID 25). This concerns testimony by the child who witnessed the killing, and his answer to whether there was a shopping trip the day prior to the killing. Petitioner asserts this information would have served to impeach the witness and would establish Petitioner was not consuming alcohol prior to the argument with the victim. Petitioner asserts there was false testimony by an FBI agent, and the Government intimidated Morsette, who testified falsely that Petitioner caused the death of Charging Crow by stomping him. Petitioner asserts the child also made errors in his statements about sleeping arrangements. Some of these assertions are tied in with allegations of ineffective assistance of counsel.

13

The Eighth Circuit addressed Petitioner's claim of Government misconduct in the context of eliciting false testimony from the child witness and from Witness Morsette, who alleged she was intimidated. 970 F.3d at 1008. The Eighth Circuit denied relief on these claims, as noted in Ground 3 above. *Id.* Petitioner cannot re-litigate them in this proceeding. *Lee*, 715 F.3d at 224. To the extent Petitioner alleges the FBI agent lied, his claim is vague and conclusory and therefore § 2255 relief is not available. *Hollis,* 796 F.2d at 1046. To the extent his appeal alleged the Government elicited false testimony but did not include the FBI agent in that allegation, the claim is procedurally defaulted. *Darden*, 915 F.3d at 586.

As Ground 2, above, discusses, counsel's decision not to focus on an alibi for Petitioner or additional impeachment evidence was reasonable strategy. In Ground 4, (Doc. 4, PgID 32), Petitioner resurfaces the claim. As the Court has determined, counsel did not render ineffective assistance of counsel in this respect. *Johnson*, 278 F.3d at 842. The Court has denied relief on this claim.

Petitioner's motion for relief under § 2255 on Ground 4 is denied.

*Ground 5* with several subparts—Petitioner challenges the Government's expert witness and numerous evidentiary and strategic decisions, attacks the judge, and alleges ineffective assistance of counsel, as detailed below. (Doc 5, PgID 38-55).

14

Petitioner first relates Dr. Donald Habbe's testimony about cause of death, which he described as "a subarachnoid hemorrhage from a lacerated basilar artery" (5:16-cr-50148, Doc. 127, PgID 424), due to blunt force trauma. 970 F.3d at 1006. Petitioner alleges Dr. Habbe, the FBI investigator, and a prosecutor collaborated to create a version of events whereby Iron Crow stomped or kicked the victim. To the extent Petitioner claims this is Government misconduct, the Eighth Circuit has denied relief. *Id.* at 1007-08. To the extent Petitioner is raising new assertions of Government misconduct, the claims are procedurally defaulted. *Darden*, 915 F. 3d at 586.

Petitioner alleges the investigation was lacking because the absence of cuts on Petitioner's hands was not emphasized at trial, and there was evidence of cuts on eyewitness Tonorio's hands. Counsel elicited testimony on these issues at trial. (Doc. 41, PgID 267). The performance was not ineffective. *Collins*, 28 F.4th at 906.

Petitioner argues his boots were determined to not have sufficient evidence on them. To the extent Petitioner is challenging the sufficiency of the evidence to convict, the Eighth Circuit has denied relief on that claim. 970 F. 3d at 1009. Petitioner cannot re-litigate it. *Lee,* 715 F.3d at 224.

Petitioner challenges the interrogation techniques used by the FBI agent. Petitioner's statement was introduced at trial as a helpful means of elaborating on

his claims of self-defense. With respect to the statement, there is nothing for this Court to correct in a § 2255 motion.

Petitioner asserts the judge and jury were biased against him in not accepting his version of events. (Id., PgID 45). The Court has addressed this claim in Ground 3, above, and denied relief.

Petitioner argues counsel was ineffective in not calling eyewitness Tonorio as a witness. The court notes counsel made a strategic decision not to call the witness, as it is unlikely he would have taken the blame for the killing if he testified. (Doc. 32, PgID 201). Counsel's decision to assign blame to him without having him testify was reasonable strategy and was not deficient performance under the *Strickland* standard. *Johnson,* 278 F.3d at 842.

Petitioner complains counsel should have introduced a photo of his hands as an exhibit. The Court has discussed this claim in Ground 3, above, and denied relief.

Petitioner argues the evidence supports that he did not kick and stomp the victim and that the prosecutor threatened a witness and fabricated evidence to convince the jury of his guilt. The Eighth Circuit has denied relief on these claims. 970 F. 3d at 1007-08. Petitioner cannot re-litigate them because he is dissatisfied with the outcome of his appeal. *Lee*, 715 F.3d at 224.

Petitioner attacks defense counsel's not getting information about an alibi. The Court has denied relief on this claim in Ground 2, above.

Petitioner alleges defense counsel failed to inform herself about an Indian Law issue. Counsel has responded that she was well-versed on the pertinent legal issues. (Doc. 32, PgId 202). Petitioner's claim is vague and conclusory and cannot be the basis of § 2255 relief. *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001); *Hollis,* 796 F. 2d at 1046. The Court notes that jurisdiction was established at the outset of trial. 970 F.3d at 1009.

Petitioner challenges counsel's not obtaining a video from a jail conversation. Counsel responds that the video would have been irrelevant and would have lacked audio to give it probative value. Counsel made a strategic decision and did not render ineffective performance. *Collins*, 28 F.4th at 906.

Petitioner alleges the prosecutors and FBI agent acted in concert to fabricate testimony. The Court has addressed this claim in Ground 3, above, and denied relief. Petitioner alleges defense counsel's performance was deficient. The Court has rejected that assertion in Grounds 2, 3, and 4, above, and rejects it in Ground 5 as well.

Petitioner's motion for relief under § 2255 on Ground 5 is denied.

*Ground 6* with six subparts (Doc. 5, PgID 55-61)—Petitioner asserts his conviction violates the Constitution, federal law or treaties, and challenges the

investigation and other aspects of trial. (Id., PgID 56-61). He recounts the testimony of an emergency room nurse who treated the victim the night of the killing and testified at trial about the cause of death. Petitioner summarizes the testimony of his half-sister, Morsette, who was present at the killing. He relates that she testified at trial and recalled telling law enforcement the victim had started the fight. She testified the victim fell and that she moved his body. Petitioner focuses on the scene of Charging Crow's death and asserts a clean-up occurred. There was evidence the victim had a head injury several years before. Petitioner criticizes the investigation and witness testimony alleging it was fabricated in part, because the prosecutor told a second witness, the child eyewitness, how to testify. Petitioner argues the evidence supports his theory the victim fell in the fight and hit his head. Petitioner further asserts the child witness lied and that the prosecutor and FBI agent engaged in "crookedness" to obtain the testimony. (Id., PgId 61). Petitioner argues these assertions demonstrate the trial court was prejudiced and the jury was prejudiced and incompetent. (Id.).

Petitioner's theory of defense was presented at trial. Witnesses were examined and cross-examined. The jury determined that the evidence proved Iron Crow's guilt beyond a reasonable doubt. The jury found him guilty of murder, meaning it rejected the option of guilt of involuntary manslaughter or acquittal. The trial judge denied the motion for new trial. 2018 WL 3862762. The Eighth

Circuit determined the evidence was sufficient to support the verdict. That court addressed allegations of government misconduct and did not find misconduct so prejudicial that it deprived Iron Crow of a fair trial. 970 F.3d at 1007-08.

Petitioner has related the facts that support his version of events, but the jury rejected that account. There is no evidence of bias on the part of the judge or jury in Petitioner's case. Petitioner's assertions in this case repeat claims already raised and decided against him. He cannot relitigate them because he is dissatisfied with the outcome of trial. *Lee,* 715 F.3d at 244.

Petitioner's motion for relief under § 2255 on Ground 6 is denied.

*Ground 7*—Petitioner challenges counsel's failure to obtain lesser-included offense instructions. (Doc. 6, PgID 64). The Court notes at this juncture that counsel requested and received lesser-included instructions, (Doc. 32, PgID 203, citing trial transcript at 507), for involuntary manslaughter, assault, and self-defense. The request for a voluntary manslaughter instruction was denied. (Doc. 41, PgID 269). The Court dismisses Ground 7 as it rests on this allegation.

As discussed in Ground 5, above, Petitioner also challenges counsel's failure to call Tonorio, who was present at the scene of the killing. The Court has denied relief on this issue.

Petitioner's motion for relief under § 2255 on Ground 7 is denied.

*Ground 8*—Petitioner raises a challenge under *Batson* and alleges the jury was biased and incompetent. (Doc. 6, PgID 68-69). The Court notes counsel raised a *Batson* challenge at trial, the trial judge denied it, and the Eighth Circuit reviewed it and denied relief. *Iron Crow*, 970 F.3d at 1008-09. Petitioner has litigated this issue and failed to obtain relief. He cannot re-litigate it in this Court because he is dissatisfied with the answer he has received. *Lee*, 715 F.3d at 244.

Petitioner also relies on a claim of stolen treaty lands, (id., PgID 69), which the court dismisses, as jurisdiction for the criminal case was established at trial. *Iron Crow*, 970 F.3d at 1009. The Court determines the Petitioner lacks standing to litigate the claims concerning treaty lands in this case. *Different Horse v. Salazar*, 2011 WL 3422842, *1 (D.S.D. 2011).

Petitioner's motion for relief under § 2255 on Ground 8 is denied.

*Ground 9*—Petitioner attacks counsel's oral argument and appellate brief before the Eighth Circuit. (Doc. 6, PgID 70). Counsel raised substantial issues on appeal. She briefed and argued them and the Eighth Circuit considered and resolved them. *Iron Crow,* 970 F.3d 1007-10. Petitioner points to nothing specific about her performance, and his claim is vague. Counsel's performance was not deficient and Petitioner was not prejudiced under *Strickland.* A vague claim is not sufficient to obtain relief for ineffective assistance of counsel. *Bryson,* 268 F.3d at

562; *Spillers v. Lockhart*, 802 F.2d 1007 (8th Cir. 1986).  See also *Schmidt v. United States*, 2014 WL 692920, *4 (D.S.D. 2014).

Petitioner's motion for relief under § 2255 on Ground 9 is denied.

*Ground 10* with nine subparts (Doc. 6, PgID 73-74)—Petitioner alleges that the court and jury were biased against him.  He alleges a Government investigator lied in another case and that this violated his constitutional rights, federal law, or treaty.  He seeks Grand Jury testimony where this will be revealed.  He asserts his boots were sent to Quantico and the test result indicated insufficient evidence.  He asks for an exhibit that was not used at trial and a tape of a 911 call.

In Ground 3, above, the Court has discussed possible bias on the part of the jury and trial judge and denied relief.  In Ground 2, above, the Court has evaluated the claim of insufficient evidence and denied relief.  In Ground 4, above, the Court has evaluated the claim of false testimony by an FBI agent and denied relief.

Aside from the subparts where relief has already been denied, Petitioner's claim appears to be one of general unfairness and dissatisfaction with the outcome of his case.  The claim is vague and for that reason does not meet the standard required in *Iqbal*. 556 U.S. at 679 (requiring more than the possibility of misconduct; petitioner must show he is entitled to relief and conclusory allegations are insufficient). See *Hollis*, 796 F.2d at 1046.  Accord *Schmidt*, 2014 WL 692920, *4.

Petitioner's motion for relief under § 2255 on Ground 10 is denied.

*Ground 11*—Petitioner alleges the Government's conduct was outrageous in that it involved threats or intimidation of a witness. (Doc. 6, PgID 75-81). This issue was decided adversely to Petitioner when the Eighth Circuit addressed allegations of Government misconduct that defense counsel presented in her brief and argument. 970 F.3d at 1008. The trial court had permitted the evidence of possible intimidation of a witness to be presented to the jury, which then evaluated the evidence in the context of all that was presented at trial. *Id.* As the Eighth Circuit described the court's ruling, "This solution appropriately allowed the jury to weigh whether Morsette's testimony had been influenced by any unease she felt during the investigation." *Id.* Petitioner cannot re-litigate this issue in his § 2255 action because he is dissatisfied with the answer he has received. *Lee*, 715 F.3d at 224.

Petitioner's motion for relief under § 2255 on Ground 11 is denied.

*Ground 12*—Petitioner challenges defense counsel's not introducing his PBT results of .115 and .132. (Doc. 6, PgID 82). Counsel endeavored to introduce the evidence but the court ruled it inadmissible. (Doc. 32, PgID 205). As counsel states in her affidavit, the evidence could be both harmful and helpful, in that it would have corroborated the Government's theory that Petitioner was intoxicated the night of the killing. Nevertheless, the court's decision to exclude the evidence

22

disposed of the issue. Counsel was not ineffective in arguing for its admission under *Strickland*. Once the court ruled, she was not ineffective for abiding by the ruling.

Petitioner's motion for relief under § 2255 on Ground 12 is denied.

*Ground 13*—Dr. Habbe Forensic Pathologist video (Doc. 12). Petitioner appears to argue that a video of the autopsy should have been admitted. It is unclear how the autopsy reports and testimony did not suffice, and whether there is a video. Petitioner alleges ineffective counsel in connection with this, asserting he told his attorney to gather video evidence and she did not do so. The Court finds counsel did not render ineffective performance in this context and Petitioner has not shown prejudice.

Petitioner made a similar challenge to Dr. Habbe's testimony in Ground 5, above, which also was denied.

Petitioner's motion for relief under § 2255 on Ground 13 is denied.

*Ground 14*—Petitioner seeks to review discovery developed in his case (Doc. 13). Counsel states in her affidavit that she discussed and reviewed discovery materials with Petitioner. (Doc. 32, PgID 205). She did not give him copies in accordance with D.S.D. Crim. LR 16.1.A. Petitioner is not permitted to

receive copies under the local rule, and counsel abided by the rule. Counsel's performance was not ineffective under *Strickland*.

Petitioner also asserts he told counsel to "get off" his case and she did not do so. (Doc. 13, PgID 132). Counsel disputes that this occurred. (Doc. 32, PgID 205). Presumably this is an issue under *Strickland* and the Court finds counsel's performance was reasonable. Also, to the extent Petitioner continued in this case with counsel representing him at trial and on appeal, and apparently did not bring to the attention of the judge that he had fired counsel, the Court finds he waived any issue in this regard. Petitioner stated to the trial judge that he was satisfied with counsel's performance and that she was "on top of everything." (Id., PgID 206, quoting trial transcript).

Petitioner's motion for relief under § 2255 on Ground 14 is denied.

*Ground 15*—Petitioner challenges the jury selection. He also alleges the jury was incompetent and racism was an issue. The Eighth Circuit denied relief on the jury selection claim. 970 F.3d at 1008-09. This Court addressed jury selection and claims related to the jury in Ground 8, above, and denied them.

Petitioner also raises insufficiency of the evidence and vouching for witnesses. The Eighth Circuit addressed both claims and denied relief. *Id.* at 1007-08. This Court addressed these claims in Grounds 2 and 3, respectively,

above, and denied relief.  Petitioner cannot re-litigate claims simply because he is dissatisfied with their resolution.  *Lee,* 715 F.3d at 224.

Petitioner's motion for relief under § 2255 on Ground 15 is denied.

3.  Additional issues

a.  Petitioner's Sentence

In Doc. 8, Motion for Affidavit from Iron Crow; Doc. 34, Iron Crow's Reply to counsel's affidavit; and Doc 35, Additional Reply, Iron Crow asserts he should have received a downward variance in sentence. On appeal he argued the sentence of 240 months was unreasonable. The Eighth Circuit addressed the sentence in his direct appeal, stating it was within the Guideline range of 235-293 months, and therefore "presumed reasonable." 970 F. 3d at 1010. The court found no abuse of discretion and denied relief. *Id.*  Iron Crow cannot re-litigate this issue in a § 2255 motion. *Lee,* 715 F.3d at 224.

b.  Grand Jury transcripts

Petitioner seeks transcripts of FBI Agent Lucas's testimony before the Grand Jury.  (Doc. 4, PgID 30; Doc. 10, PgID 120). Errors or irregularities before the Grand Jury, if they occurred, are not sufficient to invalidate the jury verdict of guilt. *United States v. Mechanik*, 475 U.S. 66 (1986).  Therefore, Petitioner's Motion to Request to Unseal Grand Jury indictment documents (Doc. 10) is denied.

4. Evidentiary Hearing and Certificate of Appealability

If the motion, files, and records of the case conclusively establish that the petitioner is not entitled to relief, the court can dispense with an evidentiary hearing. *See Garcia v. United States,* 679 F.3d 1013,1014 (8th Cir. 2012). There is no need for an evidentiary hearing in this case because it is clear from the record that Petitioner's claims do not warrant relief under 28 U.S.C. § 2255. *Walker*, 810 F.3d at 580 (affirming denial of evidentiary hearing where no further factual development needed). Petitioner's motions for an evidentiary hearing (Doc. 25, 26, 28) are denied.

When the district court has denied a motion under 28 U.S.C. § 2255, the Petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). A "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir.1997). Petitioner has not made a substantial showing of the denial of a constitutional right and the certificate of appealability will not issue.

Conclusion

Relief under 28 U.S.C. § 2255 is available to remedy serious constitutional and legal errors.  Petitioner applied for posttrial relief from the trial court and Eighth Circuit, and was denied.  Petitioner raises many issues before this Court but none qualify for § 2255 relief.  Petitioner's § 2255 motion and accompanying motions are denied in their entirety.

Accordingly, IT IS ORDERED that

1. The court dismisses all claims raised by Petitioner in Docs. 4, 5, 6, 11, 12, 13, 15 and any claims raised in his Reply documents (Doc. 34, 35, 38, 42).

2. The Motion to present forensic report (Doc. 7) is denied as moot.

3. The Motion for affidavit by defendant (Doc. 8) is denied as moot.

4. The Motion for video and audio of trial, if any exists, exhibits, transcripts (Doc. 9) is denied as moot.

5. The Motion to unseal Grand Jury transcripts (Doc. 10) is denied.

6. The Motion for investigator (Doc. 14) is denied as moot.

7. The Motion to present trial witnesses (Doc. 16) is denied as moot.

8. The Motion to present testimony of a forensic analyst (Doc. 17) is denied as Moot.

9. The Motion for affidavit (Doc. 18) is denied as moot.

Dated this _____ day of October, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:

MATTHEW W. THELEN, CLERK

_____